# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
)
)
)
v.     )    ID No. 2111009414
)
ALLEN ETTY,     )
)
)
Defendant.     )
)

Date Submitted:  May 10, 2023
Date Decided:  June 7, 2023

## ORDER

Upon consideration of Defendant Allen Etty's "Motion for Sentence Modification" ("Motion"), Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)  On November 28, 2022, Etty pled guilty to Assault Second Degree.[1] By Order dated March 3, 2023, he was sentenced to a total of 12 months of unsuspended Level V time with credit for 10 days previously served.[2]

(2)  On April 14, 2023, Etty filed the instant Motion seeking modification of his sentence pursuant to Rule 35(b).[3]  He asks the Court to modify the remainder

---

[1] D.I. 13.
[2] D.I. 19.  Etty's sentence is as follows:  for Assault Second Degree, 5 years at Level V, suspended after 12 months at Level V for 2 years at Level III.  The Court also ordered him to pay $769.12 in restitution.
[3] D.I. 20.

of his Level V sentence to "Level [IV] home confinement or work release."[4]  In support of his request, Etty cites his responsibilities as sole provider for his family and the negative effects his incarceration has had on their financial status and well-being.[5]

(3)     The State filed its Response to Etty's Motion on May 10, 2023, opposing modification.[6]  The State expresses sympathy for Etty's family but states that modification is not warranted just because they are being adversely affected by Etty's incarceration.[7]  The State maintains that reducing Etty's sentence "would unduly depreciate the severity of the injury and the defendant's actions."[8]

(4)     Rule 35(b) governs motions for modification or reduction of sentence.[9] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[10]  Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for

---

[4] D.I. 20.
[5] *Id.*
[6] D.I. 22.
[7] *Id.*
[8] *Id.*  To the extent the Court finds modification of sentence is appropriate, the State asks that Etty be sentenced to Level IV Work Release rather than Home Confinement to accommodate his willingness to work while remaining under a high level of supervision.
[9] Super. Ct. Crim. R. 35(b).
[10] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

reduction of sentence."[11]  "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[12]

(5)  Etty's Motion is not procedurally barred as untimely or repetitive; therefore, the Court will address the Motion on the merits.[13]  Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[14]  Although Rule 35(b) does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[15]

(6)  Pursuant to an agreement with the State, Etty agreed to plead guilty to Assault Second Degree.[16]  Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court personally addressed Etty in open court and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.[17]  Etty acknowledged that the range of possible penalties included

---

[11] Super. Ct. Crim. R. 35(b) (emphasis added).
[12] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).
[13] *See* Super. Ct. Crim. R. 35(b); *see, e.g.*, *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).
[14] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).
[15] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[16] D.I. 13.
[17] By statute and as listed on the Truth-in-Sentencing Guilty Plea Form, which he signed, Etty agreed to plead guilty, knowing he could be sentenced to a range of 0 to 8 years at Level V.  D.I.

the sentence that was imposed by the Court in this case.

(7)     The Court finds that Etty has failed to present any evidence that would warrant a modification or reduction in his sentence.  The Court further finds that reducing his Level V sentence would unduly depreciate the offense.  Accordingly, the Court finds that Etty's sentence is appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court to warrant a sentence reduction or modification.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Allen Etty's Motion for Sentence Modification is **DENIED**.


                                          /s/ Jan R. Jurden
                                 Jan R. Jurden, President Judge


Original to Prothonotary

cc:     John A. Barber, Esq.
        Timothy G. Maguire, DAG

---

13. *See* 11 *Del. C.* § 612 (classifying Assault Second Degree as a Class D felony); *see also* 11 *Del. C.* § 4205(b)(4) (allowing for a maximum of 8 years to be served at Level V for a Class D felony).